UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXWELL JOELSON, and JUAN VALDEZ, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 20-CV-1568 TWR (KSC)<br><br>**ORDER (1) GRANTING MOTIONS TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are the Motions to Proceed *in Forma Pauperis* ("IFP") filed by Plaintiffs Maxwell Joelson ("Joelson Mot.," ECF No. 2) and Juan Valdez ("Valdez Mot.," ECF No. 3). On August 13, 2020, Plaintiffs, proceeding *pro se*, filed a putative class action against Defendant the United States of America, alleging nineteen causes of action concerning alleged misconduct in the post-trial and habeas process by federal prosecutors and judges. (*See generally* ECF No. 1 ("Compl.").)

**MOTIONS TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and

/ / /

/ / /

1

administration fees totaling $400.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Both Plaintiff Joelson and Plaintiff Valdez claim no monthly income, no monthly expenses, and no assets or savings.  (*See generally* Joelson Mot.; Valdez Mot.)  Following lengthy terms of imprisonment, both report that they are living with their sons, who are paying for their necessities.  (*See* Joelson Mot. at 5; Valdez Mot. at 5.)  The Court therefore concludes that Plaintiffs' applications demonstrate they are unable to pay the requisite fees and costs.  Accordingly, the Court **GRANTS** both the Joelson Motion (ECF No. 2) and the Valdez Motion (ECF No. 3).

### *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.   Standard of Review**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

"not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Analysis

Plaintiffs, former federal inmates, filed this putative class action, asserting nineteen causes of action against the United States (including several individual Assistant United States Attorneys[2]; the then-Acting United States Solicitor General, Neal K. Katyal; and federal Magistrate,[3] District,[4] and Circuit judges[5]) for alleged misdeeds during the post-trial and habeas process that allegedly resulted in Plaintiffs' prolonged detention. (*See generally* Compl.) Plaintiffs therefore seek compensatory damages in the amount of $50 million and declaratory and injunctive relief. (*See* Compl. at Prayer ¶¶ 2–4; ECF No. 1-1.)

---

[2] Gonzalo P. Curiel, Eileen M. Decker, Tim Laske, Daniel Levin, Amanda Liskamm, Lawrence S. Middleton, Anne Carley Palmer, Richard L. Pomeroy, Steven E. Skrock, and E. Bryant Wilson. (*See* Compl. at ii, ¶ 87.)

[3] Sheila K. Oberto and Jennifer L. Thurston. (*See* Compl. at ii.)

[4] Timothy M. Burgess, Cormac J. Carney, Andrew J. Feess, Andrew J. Guilford, Lawrence J. O'Neill, Virginia A. Phillips, James K. Singleton, David W. Williams. (*See* Compl. at ii.)

[5] James R. Browning; Jay B. Bybee; Consuelo M. Callahan; William C. Canby, Jr.; Richard R. Clifton; Joseph Jerome Farris; Raymond C. Fisher; William A. Fletcher; Michelle T. Friedland; Alfred T. Goodwin; Ronald M. Gould; Susan P. Graber; Michael Daly Hawkins; Andrew J. Kleinfeld; Alex Kozinski; Edward Leavy; Margaret M. McKeown; John B. Owens; Richard A. Paez; Johnnie B. Rawlinson; Pamela Ann Rymer; Mary M. Schroeder; Barry G. Silverman; N. Randy Smith; Richard C. Tallman; Sidney R. Thomas; and Stephen S. Trott. (*See* Compl. at ii.)

Plaintiffs' claims are subject to dismissal as asserted against Defendants immune from liability and by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A.   *Immunity*

Plaintiffs' claims are predicated on the actions of federal prosecutors and judges. Because these actors are immune from liability, Plaintiffs fail to state a viable claim.

#### 1.   *Prosecutorial Immunity*

"Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state, performing functions 'intimately associated with the judicial phase of the criminal process.'" *Nix v. United States*, No. 2:18-CV-01147-RHW, 2019 WL 77437, at *5 (W.D. Wash. Jan. 2) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 429–30 (1976)), *appeal dismissed sub nom. Nix v. Lasnik*, No. 19-35022, 2019 WL 7565461 (9th Cir. June 17, 2019). "Attorneys who prosecute cases on behalf of the Government are absolutely immune from claims based on their participation in the judicial process." *Id.* (citing *Imbler*, 424 U.S. at 422–23). "The following activities have been found to be intimately connected with the judicial phase of the criminal process: seeking a grand jury indictment, dismissing claims, deciding whether and when to prosecute . . . ; making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers . . . ; and preparing a case for trial." *Id.* (citing (*Milstein v. Cooley*, 257 F.3d 1004, 1008, 1012 (9th Cir. 2001); *Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991)). "A prosecutor also enjoys absolute immunity from a suit alleging that he maliciously initiated prosecution, used perjured testimony at trial, and suppressed material evidence at trial." *Id.* (citing *Imbler*, 424 U.S. at 430).

Broadly speaking, Plaintiffs allege that Assistant U.S. Attorneys, their supervisors, and the then-Acting Solicitor General illegally omitted, concealed, misled, misrepresented, and failed to disclose facts during the post-trial and habeas judicial review of their cases. (*See* Compl. ¶¶ 51–52, 62–63, 68, 72–73, 75–76, 83–84, 88, 90, 92–94, 96, 98–99, 101–102, 104–05, 108, 111–12, 115–16, 119–21, 125, 134, 138, 140.) Although Plaintiffs

allege that these Defendants engaged in "ultra-vires conduct,"[6] (*see, e.g.*, *id.* ¶ 42), they also allege that they were "acting in the course and scope of their official capacities," (*see, e.g.*, *id.* ¶ 41), and their claims are predicated on Defendants' actions in "plaintiffs' post-trial and post-habeas processes." (*See, e.g.*, *id.* ¶ 1.) Because the prosecutorial Defendants' alleged misdeeds occurred in the course of their duties in the prosecution of Plaintiffs, the prosecutorial Defendants are absolutely immune from Plaintiffs' claims. *See, e.g.*, *Nix*, 2019 WL 77437, at *5; *see also Hubbard v. Gipson*, No. 1:14-CV-00042-AWI, 2014 WL 5324288, at *5 (E.D. Cal. Oct. 17) (dismissing claims against the Federal Bureau of Investigation, Department of Justice, and Solicitor General as barred by prosecutorial immunity) (collecting cases), *report and recommendation adopted,* 2014 WL 6608341 (E.D. Cal. Nov. 17, 2014).

        2. *Judicial Immunity*

"Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions." *Nix*, 2019 WL 77437, at *4 (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)). "An act is 'judicial' when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity." *Id.* (citing *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990)). "A judge does not forfeit the benefit of judicial immunity because his action was in error, was done maliciously, or was in excess of the judge's authority." *Id.* (citing *Sparkman*, 435 U.S. at 356). "The doctrine of absolute immunity also protects judges from allegations of conspiracy." *Id.* (citing *Ashelman*, 793 F.2d at 1075).

Judicial "immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Id.* (citing

---

[6] Ultra vires means "beyond the legal powers or authority (*of* a person, etc. . . .)." Oxford English Dictionary (2d ed. 1989), *available at* https://www.oed.com/view/Entry/208683?redirectedFrom=ultra+vires& (last visited Nov. 2, 2020).

*Forrester v. White,* 484 U.S. 219, 227–229 (1988); *Stump v. Sparkman,* 435 U.S. 349, 360 (1978)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 356–57; *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Here, Plaintiffs allege that the judges overseeing their post-trial and habeas proceedings accepted the misleading statements of the Assistant U.S. Attorneys, thereby conspiring with the Government and ignoring and disregarding their own judicial obligations. (*See* Compl. ¶¶ 54–57, 62–63, 70, 77–79, 90, 96, 98, 102, 115–16, 119–21, 125, 140.) These allegations relate to the judicial Defendants' judicial functions, and there are no allegations indicating that the judges' actions were nonjudicial or that they acted "in the complete absence of all jurisdiction" such that judicial immunity would not apply. Because Plaintiffs' causes of action against the judicial Defendants are based on their rulings in Plaintiffs' post-trial and habeas proceedings, the judicial Defendants are absolutely immune from Plaintiffs' claims. *See, e.g.*, *Nix*, 2019 WL 77437, at *4.

### B. Heck *Doctrine*

"A plaintiff's claim for damages is not cognizable under 42 U.S.C. § 1983 or *Bivens* if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has previously been reversed, expunged, or invalidated." *Nix*, 2019 WL 77437, at *5 (citing *Heck*, 512 U.S. at 486; *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996)). "This bar also extends to claims for declaratory relief." *Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 647–48 (1997)).

Neither Plaintiff alleges that his conviction was reversed on appeal or called into question by the issuance of a writ of habeas corpus. Indeed, Plaintiffs' claims are premised on their inability to obtain the relief they sought in post-trial and habeas proceedings. (*See* Compl. ¶¶ 19–28, 32, 34–40.) "It is clear that Plaintiff[s'] claims against these Federal judges and prosecutors are premised on [their] belief that [they were] wrongly prosecuted and convicted in [their] underlying criminal case[s]." *See Nix*, 2019 WL 77437, at *6.

"Grant of Plaintiff[s'] claims for relief by this Court would most certainly invalidate Plaintiff[s'] . . . criminal conviction[s;] as such, [their] claims are barred by *Heck*." *See id.*

### C.   Leave to Amend

Although the Court questions whether Plaintiffs can cure the above-enumerated deficiencies, in light of Plaintiffs' pro se status, the Court **GRANTS** them leave to amend their Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## CONCLUSION

In light of the foregoing, the Court:

1.   **GRANTS** Plaintiffs' Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 3); and

2.   **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint. Plaintiffs **MAY FILE** an amended complaint on or before <u>thirty (30) days</u> from the date of this Order. *Any amended complaint must be complete by itself without reference to his original pleading, and any Defendants not named and any claim not re-alleged in Plaintiffs' amended complaint will be considered waived. See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived"). *Should Plaintiffs fail to file*

/ / /
/ / /
/ / /
/ / /
/ / /

*an amended complaint within the time provided, the Court may enter a final order dismissing without prejudice this civil action for failure to prosecute.*

**IT IS SO ORDERED.**

Dated:  November 3, 2020

_____
Honorable Todd W. Robinson
United States District Court