1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10
11   MAXWELL JOELSON, and JUAN            Case No.: 20-CV-1568 TWR (KSC)
     VALDEZ, on behalf of all others similarly
12   situated,                            **ORDER DENYING PLAINTIFFS'**
13                                         **MOTION FOR**
                          Plaintiffs,      **RECONSIDERATION**
14   v.
                                           (ECF No. 17)
15
16   UNITED STATES OF AMERICA,
17                          Defendant.
18

19          Presently before the Court is Plaintiffs Maxwell Joelson and Juan Valdez's Motion

20   for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) on the D[ismissal] of Plaintiffs'

21   Second Amended Complaint ("Mot.," ECF No. 17).  Plaintiffs noticed the Motion to be

22   heard on January 10, 2022, without calling chambers to obtain a hearing date as required

23   under this District's Local Rules and the undersigned's Standing Order for Civil Cases.

24   Nonetheless, because this was action was dismissed prior to being served, the Court

25   determines that this matter is suitable for determination on the papers without oral

26   argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, the

27   Court **DENIES** Plaintiffs' Motion.

28   / / /

                                          1

## BACKGROUND

On August 13, 2020, Plaintiffs, proceeding *pro se*, filed a putative class action against Defendant United States of America and numerous federal judges and prosecutors. (*See generally* "Compl.," ECF No. 1.)  Plaintiffs asserted nineteen causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2674, and the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, alleging misconduct in the post-trial and habeas process by the named federal judges and prosecutors.  *Id*.

On November 3, 2020, the Court issued an Order granting Plaintiffs' Motion to Proceed *in Forma Pauperis*.  ("Order," ECF No. 6.)  In the Order, the Court screened the Complaint *sua sponte*, as required by 28 U.S.C. § 1915(a).  (Order at 2–8.)  The Court found that Plaintiffs' claims were predicated on the actions of federal prosecutors and judges, who were absolutely immune from liability.  (*Id*. at 5–7.)  The Court further found that a judgment in favor of Plaintiffs would necessarily imply the invalidity of their convictions or sentences, which had not been reversed, expunged, or invalidated, and therefore Plaintiffs' claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (*Id*. at 7–8.)  The Court granted Plaintiffs leave to amend the Complaint.  (*Id*. at 8.)

After filing a First Amended Complaint (ECF No. 12), Plaintiffs then filed a Second Amended Complaint on August 26, 2021.  (ECF No. 14.)  Although Plaintiffs did not request or receive leave to amend the First Amended Complaint, on November 12, 2021, the Court granted Plaintiffs leave to file the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which the Court then dismissed with prejudice on the same grounds as the original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  (*See* ECF No. 15.)  The Clerk entered judgment accordingly, (*see* ECF No. 16), and the instant Motion timely followed on November 30, 2021.  (*See generally* ECF No. 17.)

## LEGAL STANDARD

District courts "may relieve a party or its legal representative from a final judgment, order, or proceeding" under limited circumstances, such as where there exists "newly discovered evidence[,]" "fraud[,]" or "any other reason that justifies relief."  *See* Fed. R.

2

Civ. P. 60(b). "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (citing *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 356 (9th Cir. 1966)). In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. Local R. 7.1(i)(1). Under the Civil Local Rules, the moving party must file for reconsideration within twenty-eight days after entry of the ruling and provide an affidavit setting forth, among other things, "new or different facts and circumstances" which previously did not exist at the time the previous motion was filed. *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Courts "should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). A party seeking reconsideration may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## ANALYSIS

Contending that the Court "misapplied and misapprehended federal law," (*see* Mot. at 1), Plaintiffs raise the following arguments for reconsideration of the Court's dismissal of their Second Amended Complaint: (1) Even if the Court lacks jurisdiction over Plaintiffs' claims for monetary damages, the Court may entertain Plaintiffs' requests for declaratory or injunctive relief or for a writ of mandamus, (*see id.* at 1–3), and state law

tort claims, (*see id.* at 3–4); (2) Judicial and prosecutorial immunity should not apply in Plaintiffs' case because the federal judges and prosecutors exceeded their authority under the United States, California, and Alaska Constitutions, (*see id.* at 4–7); (3) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") should apply to Plaintiffs' Federal Rule of Civil Procedure 60(b) motion, (*see* Mot. at 7–10); and (4) The *Heck* doctrine does not bar Plaintiffs' causes of action for declaratory, injunctive, or mandamus relief, (*see* Mot. at 10–12), and is not applicable to Plaintiffs' claims for damages related to procedural defects. (*See id.* at 12–14.)  The Court addresses each in turn.

First, "[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *See Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987).  All of Plaintiffs' federal claims are therefore subject to dismissal.  *See, e.g.*, *Lucore v. Bowie*, No. 12-CV-1288 BEN WVG, 2012 WL 5863248, at *2 (S.D. Cal. Nov. 16, 2012) (dismissing with prejudice claims for declaratory and injunctive relief against federal judicial officer (citing *Mullis*, 828 F.2d at 1394)).  As for Plaintiffs' state law claims, "district courts may decline to exercise supplemental jurisdiction over [state law] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" *See* 28 U.S.C. § 1367(c)(3).  Because the Court determined that Plaintiffs' federal cases of action were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court declines to exercise supplemental jurisdiction over any surviving state law causes of action.  *See, e.g.*, *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (affirming the district court's dismissal of surviving state law claims where the federal claims had been dismissed).

Second, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1388 (internal quotation marks omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349,

356–57 (1978)).  There is no indication that the judges and prosecutors here acted "in the clear absence of all jurisdiction[;]" consequently, the Court does not have the discretion to allow Plaintiffs' claims to proceed in light of Plaintiffs' argument that "prosecutorial immunity should be the exception to the rule due to the rare and exceptional circumstances surrounding the Plaintiffs' judicial reviews." (*See* Mot. at 4.)

Third, Plaintiffs cite no authority to support their proposition that "AEDPA's provisions should not only apply to the plaintiffs' habeas process[,] but also to their Rule []60(b)'s, §[ ]2241's, and declaratory and mandamus relief requests," nor do they explain why the application of AEDPA would compel reconsideration of the Court's prior dismissal.  (*See* Mot. at 8.)

Fourth and finally, *Heck* bars Plaintiffs' claims "(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis in original).  As to Plaintiffs' first contention, then, *Heck* applies not only to Plaintiffs' damages claims, but also to their claims for equitable relief.  *See id.* at 82–83.  Regarding their second argument, *Heck* does employ "a bright-line rule" to determine whether or not an action is barred, (*cf.* Mot. at 12), and that line is whether success on Plaintiffs' causes of action would necessarily demonstrate the invalidity of their confinement or its duration.  Here, Plaintiffs "seek[] to relitigate issues already decided against [them] in the[ir] habeas proceeding[s], and thus to challenge [their] underlying conviction[s]."  *See Moran v. Beale*, No. SACV0701057-MMM-RNBX, 2008 WL 11409861, at *6 n.31 (C.D. Cal. Mar. 17, 2008).  *Heck* therefore bars Plaintiffs claims.[1]

---

[1] Even if *Heck* did not bar Plaintiffs' claims, Plaintiffs claims are still doomed by judicial and prosecutorial immunity.  Further, because Plaintiffs essentially "attempt to litigate . . . successive habeas petition[s,]" dismissal is warranted on grounds of claim preclusions and under *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  *See Moran*, 2008 WL 11409861, at *4–7.

20-CV-1568 TWR (KSC)

1    Because none of Plaintiffs' arguments for reconsideration under Rule 60(b)(6) have

2  merit, the Court **DENIES** Plaintiffs' Motion.

3                                  **CONCLUSION**

4    For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for

5  Reconsideration (ECF No. 17).

6    **IT IS SO ORDERED.**

7  Dated:  December 9, 2021

8  _____

9                          Honorable Todd W. Robinson
                            United States District Judge

6